IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN J. ALLEE, | ) CASE NO. 7:20CV00142 |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| WARDEN STREEVAL, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Respondent. | ) |

Justin J. Allee, a federal inmate, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Allee asserts that under Rehaif v. United States, __ U.S. __, 139 U.S. 2191 (2019), he is actually innocent of the crime for which he was convicted and sentenced. See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019) (allowing § 2241 challenge to federal sentence as imposed); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (allowing § 2241 challenge to federal conviction). Respondent has filed a motion to dismiss the petition. Upon review of the record, the court concludes that it lacks jurisdiction over the petition.

I.

Allee is currently confined at the United States Penitentiary Lee County, located in this judicial district. Pursuant to a judgment entered on November 7, 2001, in Case No. 8:00CR83 in the United States District Court for the District of Nebraska, Allee stands convicted of conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 371; bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2; use of a firearm during the commission of a violent crime, in violation of 18 U.S.C. 924(c)(1)(A)(ii); carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(2); a second count of use of a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c)(1)(C)(i); and possession of a firearm by a convicted felon,

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 26, 2001, the court sentenced him to a total of 235 months of imprisonment for the conspiracy, bank robbery, carjacking, and felon in possession charges, to run concurrently, and 84 months on the first § 924(c) count and 300 months on the second, to run concurrently with each other and consecutively to his other sentences. The court also imposed five years of supervised release. The Court of Appeals for the Eighth Circuit denied Allee's appeal on the merits, but the appellate court remanded for resentencing on the § 924(c) counts. See United States v. Allee, 299 F.3d 996 (8th Cir, 2002).[1] Allee did not seek further review. He subsequently filed several motions to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 and/or amended motions to vacate, as well as a petition for audita querela, all of which the district court denied, and several applications for leave to file a second or successive motion to vacate under 28 U.S.C. § 2244, which the Eighth Circuit also denied.

In response to Allee's current petition under § 2241 to this court, respondent argues that the petition must be dismissed because the court lacks jurisdiction over it, Allee procedurally defaulted the Rehaif claim, and the claim does not involve a fundamental defect in the underlying conviction. (ECF No. 10.) Allee has filed a reply in opposition to respondent's contentions. (ECF No. 16.) Thus, the matter has been fully briefed.

II.

A federal prisoner bringing a claim for relief from an allegedly illegal conviction or sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such

---

[1] The Eighth Circuit determined that the language of the statute indicated that Allee's sentences on the two § 924(c) counts must run consecutively to each other, as well as consecutively to his sentences on the remaining counts. Allee, 299 F.3d at 1003-04. As a result, Allee's aggregate sentence was 619 months of imprisonment. An amended judgment was entered on November 14, 2002.

2

court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. In re Jones, 226 F.3d at 332; see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").[2]

Several circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. Wheeler, 886 F.3d at 424-25 (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." Id. at 425. In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 328 F.3d at 333-34. Under Wheeler, a petitioner may utilize the saving clause to challenge a sentence when:

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

3

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429. Thus, unless Allee demonstrates that he can satisfy the Jones or Wheeler test so that the savings clause applies to permit a Rehaif challenge to his conviction or sentence, respectively, in a § 2241 petition, this court has no "power to act" on his § 2241 claim. Wheeler, 886 F.3d at 425; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

Allee argues that in the wake of the Supreme Court's decision in Rehaif, he is actually innocent of his conviction and sentence under 18 U.S.C. § 922(g). Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to 10 years." Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Rehaif, 139 S. Ct. at 2194. According to Allee, he did not have actual knowledge of his status as a prohibited person, and he, his counsel, the government, and the district court failed to understand § 922(g)'s knowledge-of-status element at the time of his trial. Therefore, Allee claims that he

4

had no opportunity to contest the knowledge-of-status element at trial and is actually innocent of the § 922(g) offense.

As noted above, the court may not entertain Allee's § 2241 petition unless he can satisfy the conditions set forth in Jones or Wheeler. See Asar v. Travis, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) ("Asar I") ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in United States v. Wheeler or In re Jones."), adopted by 2020 WL 3843638 (D.S.C. July 8, 2020) ("Asar II"). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." Ledzema-Rodriguez v. Brecken, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting Wheeler, 886 F.3d at 425).

It is clear that Allee meets the first and third requirements of the Jones test. First, settled law of the circuit or Supreme Court at the time of Allee's sentencing established the legality of his conviction and sentence. See Jones, 328 F.3d at 333-34; see also Wheeler, 886 F.3d at 429. The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2020) (citing United States v. Langley, 62 F.3d 602 (4th Cir. 1995)). Allee also satisfies the third condition, because Rehaif was a decision of statutory interpretation, not constitutional law. See In re Wright, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("Rehaif v. United States did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam)). Therefore, Allee is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions.

Allee, however, cannot satisfy the second prerequisite under Jones or Wheeler. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive

5

law because the <u>conduct</u> for which the petitioner was convicted is still illegal. See, e.g., <u>Asar II</u>, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); <u>Erby v. Breckon,</u> No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); <u>Hoffman v. Breckon</u>, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); <u>Swindle v. Hudgins</u>, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of <u>Jones</u>."); <u>Taylor v. Huggins</u>, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of <u>Jones</u>, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of <u>Jones</u>."), <u>adopted by</u> 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); <u>Moss v. Dobbs</u>, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in <u>Jones</u> requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), <u>adopted by</u> 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Further, to the extent Allee challenges his sentence under <u>Wheeler</u>, the Supreme Court did not indicate that <u>Rehaif</u> was retroactively applicable to cases on collateral review. <u>Erby</u>, 2020 WL 1443154, at *7; <u>see also</u> <u>Hoffman</u>, 2020 WL 929589, at *9 (citing cases); <u>Asar I</u>, 2020 WL 1099391, at *6 ("[T]o date, <u>Rehaif</u> has not been held to be retroactive on collateral review. Therefore, the petitioner cannot meet the second prong of <u>Wheeler</u>, because he has not shown that subsequent to his first § 2255 motion . . . there was a change in the substantive law of the sentencing court that was deemed to apply retroactively on collateral review."); <u>Williams v. United States</u>, 3:17-cr-00241, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) ("[T]he Supreme Court did not

make Rehaif retroactive to cases on collateral review."); Waters v. United States, No. 4:15-cr-158, 2019 WL 3495998, at *5 (D.S.C. Aug. 1, 2019) (denying motion to appoint counsel to present a Rehaif claim in part because "there is no indication that the Supreme Court has made the holding in Rehaif retroactively applicable to invalidate an otherwise final conviction under § 922(g)"); accord Wright, 942 F.3d at 1065 (noting, in context of application to file second/successive § 2255 motion, that "the Supreme Court did not make Rehaif retroactive to cases on collateral review"); Palacios, 931 F.3d at 1315 (same).[3]

Therefore, because Allee cannot satisfy all the Jones or Wheeler conditions to challenge his conviction and sentence by way of the savings clause, the court lacks jurisdiction over his Rehaif claim. See Swindle, 2020 WL 469660, at *3 ("Consequently, because petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction.") (citing Rice, 617 F.3d at 807); see also Erby, 2020 WL 1443154, at *7 (noting, in context of motion to amend, that because petitioner could not satisfy all of Wheeler's conditions, "the court would be required to dismiss a Rehaif claim for lack of jurisdiction"); Hoffman, 2020 WL 929589, at *10 (same).[4]

Accordingly, this court is constrained to conclude that Allee cannot proceed with his Rehaif claim under § 2241 because the court lacks jurisdiction over the claim. Therefore, the court will grant respondent's motion and dismiss the petition without prejudice. An appropriate order will

---

[3] The court does not reach Wheeler's fourth requirement, that the sentence "now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429; see also Ledzema-Rodriguez, 2019 WL 4644556, at *2 (noting that "[i]f any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition . . .").

[4] Because the court has determined that it lacks jurisdiction over the petition, it does not address respondent's remaining arguments.

7

enter herewith. The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

**ENTER:** This  22nd  day of March, 2021.

*/s/ Glen Conrad*
Senior United States District Judge